IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

HOWARD A. JEFFS, JR.              :    CIVIL ACTION
                                  :
        v.                        :
                                  :
AMTRAK - NATIONAL PASSENGER       :
CORP.                             :    NO. 10-2097

MEMORANDUM

McLaughlin, J.                                    August 31, 2010

      The pro se plaintiff, Howard A. Jeffs, Jr., brought suit against Amtrak - National Passenger Corp. ("Amtrak"),[1] for wrongful termination.[2] The defendant moves to dismiss the plaintiff's amended complaint, arguing that the plaintiff fails to state a claim for relief pursuant to the Railway Labor Act, 45 U.S.C. §§ 151 et seq. ("RLA"). For the reasons that follow, the Court grants the defendant's motion and dismisses the case without prejudice.

---

[1] The defendant notes in its motion to dismiss that its proper name is the National Railroad Passenger Corp., but that it does business and is more commonly known as Amtrak. Def.'s M. 1 n.1.

[2] The plaintiff filed his complaint on May 7, 2010, against Amtrak and several individual defendants using the general complaint form provided by the United States District Court for the Eastern District of Pennsylvania. He attached to it several exhibits, including a supplemental page of facts, a phone bill, and doctors' notes about his medical condition. On May 24, 2010, the plaintiff amended his complaint to name only Amtrak as the defendant. The allegations in his complaint and the attached exhibits remained the same.

I.   Background[3]

The plaintiff was employed by the defendant as a coach cleaner in Philadelphia, PA.  He was a member of the Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices ("JCC"), a division of the Transport Workers Union of America, AFL-CIO.  Joint Council of Carmen, Helpers, Coach Cleaners and Apprentices v. Nat'l R.R. Passenger Corp. Amtrak, Case No. 22 (PLB No. 6961 Sept. 5, 2008) ("PLB Decision"), Ex. 1 to Def.'s M.

Rule 27(b) of the JCC's collective bargaining agreement provides that an employee who is absent from work for ten days without notification shall be considered to have resigned unless specified exceptions apply:

> Employees who absent themselves from work 10 days without notifying the Company shall be considered as having resigned from the service and will be removed from the seniority roster unless they furnish the Company evidence of physical incapacity as demonstrated by a release signed by a medical doctor or that circumstances beyond their control prevented such notification.

Rule 27(b) of Collective Bargaining Agreement (quoted in PLB Decision 2).

---

[3] The Court details the background of this matter based on the facts alleged in the plaintiff's amended complaint and attached exhibits, and the decision issued by Public Law Board No. 6961 ("PLB") from the plaintiff's administrative appeal.  The decision is attached to the defendant's motion to dismiss and is integral to the plaintiff's claim.  See Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006).

On September 6, 2005, the plaintiff signed a waiver agreement admitting to excessive absenteeism and agreeing to serve a fifteen-day suspension. He was scheduled to return to work on September 23, 2005. On September 24, 2005, the plaintiff called Amtrak to inquire about the phone number for its medical services department in order to submit a doctor's note regarding his medical condition. Although the plaintiff called thirty-four times and left messages, Amtrak did not return the plaintiff's calls. PLB Decision 1; Am. Compl. § 3, Ex. 1.

The plaintiff did not return to work within ten days after he completed his suspension. Thereafter, the defendant sent the plaintiff letters instructing him to return to work or to provide proof that he required medical leave. It received no response from the plaintiff. The defendant also sent a letter to the plaintiff's union representative dated October 6, 2005, stating that it intended to invoke Rule 27(b) and to consider the plaintiff to have resigned if the plaintiff failed to return to work or provide notice of his continued absence. PLB Decision 1-2.

On February 28, 2006, approximately five months later, the plaintiff appeared at the defendant's medical services department in an attempt to return to work. By then, however, the plaintiff had been deemed to have resigned under Rule 27(b). Id. at 2.

3

The plaintiff filed a grievance with the JCC alleging wrongful termination, and the JCC pursued his claim. It faxed a letter to the defendant on November 15, 2006, stating that the plaintiff had been sick since September 2005, and it asked that the resignation be corrected. That same day, the defendant sent a response, indicating that the plaintiff had not provided any medical documentation and that the plaintiff had resigned. The JCC appealed the matter on November 29, 2006, and on April 3, 2007, the defendant reiterated its position regarding the plaintiff's resignation. On April 9, 2007, the matter was appealed to the defendant's Director of Labor Relations, which denied the appeal on July 6, 2007. Id.

The JCC then appealed the defendant's decision to Public Law Board No. 6961 ("PLB"), as contemplated by the RLA. By order dated September 5, 2008, the PLB found that the plaintiff had resigned from his employment pursuant to Rule 27(b), and it denied his claim. Id.

On May 7, 2010, the plaintiff filed his pro se complaint with the Court, alleging that he had been ill and unable to provide the necessary medical documentation to the defendant because the defendant failed to return his calls. He claims a due process violation and requests $4 million for his injuries, including pain and suffering, or, alternatively, reinstatement of his job, $500,000, and five years of wages. He

also requests that he be provided with his rail pass. Id. at 2-3; Am. Compl. §§ II - IV.

II. Analysis

Under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although detailed factual allegations are not required, a plaintiff cannot satisfy Rule 8 by making "a formulaic recitation of the elements of a cause of action" or "naked assertions devoid of further factual enhancement." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

In evaluating a motion to dismiss under Rule 12(b)(6), a court must accept all well-pleaded facts as true, but should disregard any legal conclusions. The court must then determine whether the facts alleged are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009). If the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, then the complaint has alleged, but it has not shown, that the pleader is entitled to relief. Iqbal, 129 S. Ct. at 1949. Although pro se filings are entitled to liberal construction, a pro se plaintiff must still satisfy the Rule 8 standard. See Zilich v. Lucht, 981 F.2d 694, 694-96 (3d Cir. 1992).

The RLA provides a comprehensive framework for the resolution of labor disputes in the railroad industry. Atchison, Topeka & Santa Fe Ry. Co. v. Buell, 480 U.S. 557, 562 (1987). Minor disputes must be dealt with through a railroad's internal dispute resolution process. Id. at 563. Such disputes are those based on the meaning or application of terms in a collective bargaining agreement, and they include claims for wrongful discharge when the discharge is pursuant to terms of the agreement. Id.; Andrews v. Louisville & Nashville R.R. Co., 406 U.S. 320, 323-24 (1972). If not settled internally, the disputes may be resolved by a PLB. Buell, 480 U.S. at 563; see 45 U.S.C. § 153, First (i); 45 U.S.C. § 153, Second.[4] A decision by the PLB is "final and binding upon both parties to the dispute." 45 U.S.C. § 153, Second.

An employee aggrieved by the PLB's decision may seek review of the decision in a district court. 45 U.S.C. § 153, First (q). He may not, however, relitigate the merits of his claim; rather, "[h]e is limited to the judicial review of the Board's proceedings that the [RLA] provides." Andrews, 406 U.S. at 325.

---

[4] The RLA established the National Railroad Adjustment Board ("NRAB") to resolve disputes. It also allows for a PLB, which is an arbitration board chosen by the parties. See 45 U.S.C. § 153, Second; Buell, 480 U.S at 563.

6

Pursuant to the RLA, a district court may set aside or remand an order from the PLB only for: (1) failure of the PLB to comply with the requirements of the RLA; (2) failure of the order to conform, or confine itself, to matters within the scope of the PLB's jurisdiction; or (3) fraud or corruption by a member of the PLB making the order.  45 U.S.C. § 153, First (q).  The Court of Appeals for the Third Circuit had noted that the scope of this review is "among the narrowest known to the law."  <u>United Steelworkers of Am. Local 1913 v. Union R.R. Co.</u>, 648 F.2d 905, 910 (3d Cir. 1981) (citations omitted).  Such review applies even for claims of due process violations.  <u>Id.</u> at 911.

Here, the plaintiff fails to plead any set of facts that would allow the Court to grant him relief.  His amended complaint concerns exclusively the merits of his claim, detailing that Amtrak failed to return the plaintiff's phone calls; the plaintiff lost his career, wages, and rail pass; and the life of the plaintiff's son was endangered by the lack of income.  It does not even attempt to meet the requirements for review under the RLA.  It does not mention the PLB or the RLA, and there is no indication that the PLB failed to comply with the RLA, or that it failed to conform or confine itself to matters within its jurisdiction.  Nor is there any reference to fraud or corruption by a member of the PLB who issued the decision.  The plaintiff does suggest that Amtrak did not follow corporate rules, and he

7

argues in his opposition that the union is corrupt.  These allegations, however, do not state a claim for relief pursuant to the RLA.[5]

III. Conclusion

For the reasons herein stated, the Court grants the defendant's motion and dismisses the plaintiff's complaint with prejudice.  Although it appears that the plaintiff will not be able to cure the deficiencies of the complaint, the plaintiff may file an amended complaint on or before September 30, 2010, if he believes that he can state a claim under the Court's decision.

An appropriate Order shall issue separately.

---

[5] To the extent that the plaintiff's complaint can be read to allege separate claims for breach of his collective bargaining agreement or for breach of his union representative's duty of fair representation, such claims are time-barred. Del Costello v. Int'l Bhd. of Teamsters, 462 U.S. 151, 169-70 (1983) (holding that both claims must be brought within six months after they accrue).

8